## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| JOSEPH CERVENY and CYNTHIA ZOLANDZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> KOHN LAW FIRM S.C., <br><br> Defendant. | Case No.: 18-cv-1474 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Joseph Cerveny is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff Cynthia Zolandz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5.    Each plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from each Plaintiff debts allegedly incurred for personal, family or household purposes.

6.    Each plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from a consumer transaction that included agreements to defer payment.

7.    Defendant Kohn Law Firm, S.C. ("Kohn") is a service corporation with its principal offices at 735 North Water Street #1300, Milwaukee, Wisconsin 53202.

8.    Kohn is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.    Kohn is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

10.    Kohn is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

### *Facts Relating to Plaintiff Cerveny*

11.    On March 27, 2018, a judgment of was entered against Plaintiff Cerveny in favor of Discover Bank in an action before the Milwaukee County small claims court. *See* Wisconsin Circuit Court Access (https://wcca.wicourts.gov/caseDetail.html?caseNo=2017SC040073&countyNo=40&index=0 (last accessed September 18, 2018)).

12.    Discover Bank retained Kohn as its counsel in the abovementioned small actions case against Plaintiff Cerveny.

2

13.     The judgment was awarded based upon claims alleging that Plaintiff Cerveny owed a debt to Discover Bank pursuant to a charge account, which was used only for person, family, and household purposes.

14.     On or about May 1, 2018, Kohn mailed a debt collection letter to Plaintiff Cerveny regarding the abovementioned judgment. A copy of this letter is attached to this complaint as Exhibit A.

15.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff Cerveny inserted by computer.

16.     Upon information and belief, Exhibit A is a form debt collection letter used by Kohn to attempt to collect alleged debts.

17.     Exhibit A states: "Despite the fact that our client has been awarded a judgment against you, this debt remains outstanding."

18.     Exhibit A, however, fails to state the amount of the judgment anywhere in the letter.

19.     The failure of a debt collection letter to state the amount of the debt is inherently deceptive and misleading and/or an unfair debt collection practice. *See Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th. Cir. 2004) ("The Act requires among other things, that any dunning letter by a debt collector state "the amount of the debt" that he's trying to collect.") (citing *Chuway v. National Action Financial Services Inc.*, 362 F.3d 944 (7th Cir. 2004)).

20.     Over a month later, on or about June 7, 2018, Kohn mailed another debt collection letter to Plaintiff Cerveny regarding this same judgment. A copy of this letter is attached to this complaint as Exhibit B.

3

21. Upon information and belief, Exhibit B is another form letter, generated by computer, with the information specific to Plaintiff Cerveny inserted by computer

22. Exhibit B includes the following representations:

Re: Creditor: DISCOVER BANK C/O DISCOVER PRODUCTS INC
Debtor: JOSEPH J CERVENY
Our File Number: 906760
Case Number: 17SC040073
Balance Due as of June 7, 2018: $7,706.21

23. Exhibits A & B are attempting to collect on the same judgment, identified by Kohn with a "File Number" of 906760.

24. Between April 17, 2018, the date judgment was entered, and June 7, 2018, when Exhibit B was mailed, however, the judgment debt purportedly increased from $7,367.55 to $7,706.21.

25. Upon information and belief, the difference in the amount of the initial award of judgment and the amount referenced in Exhibit B is attributable to the assessment of post-judgment interest.

26. In order to account for the $338.66 difference in the amount of the judgment debt from April 17, 2018, the date judgment was entered, and June 7, 2018, when Exhibit B was mailed, however, the judgment debt would need be accruing interest at an annual rate of approximately 23.6%

27. A post-judgment interest rate of 23.6% is in gross excess of the rate permitted by law, which on April 27, 2018, the date judgment was entered, would have been 5.5% annually. *See* Wis. Stat. §§ 814.04(4) and 815.05(8) (providing for post-judgment interest at a rate "equal to 1 percent plus the prime rate in effect on January 1 of the year in which the judgment is entered if the judgment is entered on or before June 30 of that year or in effect on July 1 of the

4

year in which the judgment is entered if the judgment is entered after June 30 of that year, as reported by the federal reserve board in federal reserve statistical release H. 15."); *see also* https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 (providing the relevant interest rate was 5.0%) (last visited September 18, 2018).

28. Furthermore, neither Exhibit A nor Exhibit B states that the debt is accruing interest, and Exhibit B does not itemize the additional interest.

29. On the face of Exhibits A & B, the unsophisticated consumer would have no idea that the amount of the alleged debt stated in each letter was subject to change.

30. When the amount of the debt varies day to day, the debt collector should avoid confusion by including explanatory language in the letter. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000) ("As of the date of this letter, you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]."); *see also Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 949 (7th Cir. 2004); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565-66 (7th Cir. 2004).

31. No such explanatory language was used in Exhibits A & B.

32. In *Chuway*, 362 F.3d at 949, the Seventh Circuit made clear that the debt collector must use the safe harbor language in *Miller* or equivalent language, in cases where the debt collector is attempting to collect the listed balance plus the interest running on it or other charges. *See also Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016) (a collection

5

notice violated 15 U.S.C. § 1692e by stating the "current balance" without providing notice that the amount is increasing due to accruing interest or other charges.); *Boucher v. Fin. Sys. of Green Bay*, No. 17-2308, 2018 U.S. App. LEXIS 1094 **12-14 (7th Cir. Jan. 17, 2018) (*Miller*, including its "accuracy requirement," applies to claims brought under 15 U.S.C. § 1692e).

33.     A court in this district recently held in a similar scenario that when a debt collector is, in fact, collecting interest, the collector must use the *Miller* safe harbor or equivalent language, or risk misleading and confusing the unsophisticated consumer. *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 210895 at *17-20 (E.D. Wis. Dec. 22, 2017) ("State Collection's letter undeniably does not contain any form of Miller's safe harbor language. Because State Collection's letter failed to inform the Spuhlers that interest was running on the amount owed, I find there is a triable issue of fact as to whether the collection letter is confusing or unclear on its face."); *see also Synder v. Gordon*, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012); *Michaelek v. ARS Nat'l Sys., Inc.*, 2011 U.S. Dist. LEXIS 142976, at *4 (M.D. Penn. Dec. 13, 2011); *Dragon v. I.C. Sys.*, 483 F. Supp. 2d 198, 202-03 (D. Conn. 2007); *Lukawski v. Client Servs., Inc.*, 2013 U.S. Dist. LEXIS 124075, at *10-14 (M.D. Penn. Aug. 29, 2013).

34.     Kohn's failure to include explanatory safe harbor language in Exhibits A & B is material because the unsophisticated consumer may pay the amount listed on Exhibit A or Exhibit B, but the payment would not actually satisfy the judgment. The unsophisticated consumer would have no way of knowing if the judgment was satisfied because Exhibits A & B do not explain that the debt Kohn is collecting is subject to the accrual of interest.

35.     Plaintiff Cerveny was confused and misled by Exhibits A & B.

36.     The unsophisticated consumer would be confused and misled by Exhibits A & B.

*Facts Relating to Plaintiff Zolandz*

37.     On or about January 26, 2018, Kohn mailed a debt collection letter to Plaintiff

Zolandz regarding an alleged debt owed to "COTTONWOOD FINANCIAL WILLC DBA THE

CASH STORE." A copy of this letter is attached to this complaint as Exhibit C.

38.     Upon information and belief, Exhibit C is a form letter, generated by computer,

and with the information specific to Plaintiff Zolandz inserted by computer.

39.     Upon information and belief, Exhibit C is a form debt collection letter used by

Kohn to attempt to collect alleged debts.

40.     Exhibit C contains the following:

Re:     Creditor: COTTONWOOD FINANCIAL WILLC DBA THE CASH STORE
        Debtor: CYNTHIA ZOLANDZ
        File Number: ▆▆068
        Balance Due as of January 26, 2018: $308.75

41.     Exhibit C also contains the following settlement offer:

The tax refund season often makes available the funds necessary to finally resolve your delinquent debt. The ability to do so for a reduced amount makes such a resolution even more appealing. We are authorized to extend the following payment options as settlement in full:

|  | Due Date(s) | Each Payment | Total Payments | Your Savings |
|---|---|---|---|---|
| 1 Payment | March 19, 2018 | $200.69 | $200.69 | $108.06 |
| 2 Payments | March 19, 2018 & April 30, 2018 | $108.06 | $216.12 | $92.63 |
| 3 Payments | March 19, 2018 & April 30, 2018 & May 31, 2018 | $77.19 | $231.57 | $77.18 |

42.     Exhibit C also contains the following:

These settlement offers would represent a significant compromise and savings to you. If you wish to take advantage of one of these offers, please forward the appropriate amount to our address listed above or visit our payment website at www.kohnlaw.com. However, these offers are only valid until the listed expiration date(s) expire, and we are not obligated to renew them. Until an actual settlement is reached – which means all settlement payments have been received – we may commence or continue legal action. If you wish to take advantage of one of these settlement plans but that plan will not be completed prior to a court date or deadline in pending legal action involving this debt, you must contact us to discuss the possibility of adjourning or dismissing that legal action.

43.     Exhibit C states that "until an actual settlement is reached – which means all

settlement payments have been received – we may commence or continue legal action."

44.     The representation in Exhibit C that, even if the consumer accepts the settlement offer and begins to make payments per the schedule offered in Exhibit C, Kohn "may commence or continue legal action," is false, deceptive, misleading, and confusing to the unsophisticated consumer.

45.     The debt referenced in Exhibit C has been reduced to judgment in the Wisconsin State Courts. *See* Milwaukee County Case No. 15-sc-5402.

46.     The unsophisticated consumer would understand the statement that Kohn "may commence or continue legal action" to be a threat that Kohn will initiate garnishment proceedings against the debtor even if the consumer has accepted Kohn's settlement offer and is current on the payment schedule offered in Exhibit C.

47.     Upon information and belief, assuming Plaintiff Zolandz accepted one of the settlement plans offered on Exhibit C and began making installment payments according to the schedule offered in Exhibit C, Kohn had no intention of initiating garnishment proceedings to collect Plaintiff Zolandz' debt until Plaintiff Zolandz actually defaulted on the payment schedule.

48.     Upon information and belief, when debtors accept one of the settlement plans offered in letters in the form of Exhibit C and begin making installment payments according to the schedule offered in Exhibit C, Kohn does not, as a matter of course, initiate garnishment proceedings to collect the debt until the debtor has actually defaulted on the payment schedule.

49.     Moreover, Exhibit C states that Kohn is attempting to collect a debt with a "Balance Due as of January 26, 2018" in the amount of $308.75.

50.     Exhibit C offers to settle this debt for a lump-sum payment in the amount of $200.69, provided that this lump-sum payment is received by March 19, 2018.

51.     Exhibit C represents that, if a $200.69 payment is received on March 19, 2018, the debt will be satisfied in full and "Your Savings" will be $108.06.

52.     Exhibit C represents that, assuming Plaintiff Zolandz does not accept Kohn's offer to settle the account on or before March 19, 2018, the balance of the account on March 19, 2018 will be $308.75.

53.     Exhibit C states that the balance of the account is not changing. The "Balance Due as of January 31, 2018" is $308.75, and the projected balance on March 19, 2018 is also $308.75.

54.     Upon information and belief, the representation in Exhibit C that the balance is not changing is false; in fact, interest is accruing on the account, which has been reduced to judgment.

55.     On or about May 2, 2017, Kohn mailed a debt collection letter to Plaintiff Zolandz stating that the balance of this account was $299.99. *See* Exhibit D.

56.     Upon information and belief, Kohn is attempting to collect running interest on the balance.

57.     The unsophisticated consumer would be confused and misled as to the amount and character of the debt.

58.     When the amount of the debt varies day to day, the debt collector should avoid confusion by including explanatory language in the letter. *See Miller*, 214 F.3d at 876 ("As of the date of this letter, you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For

further information, write the undersigned or call 1-800-[phone number].”); *see also Chuway*, 362 F.3d at 949; *Fields*, 383 F.3d at 565-66.

59.     No such explanatory language was used in <u>Exhibit D</u>. *See Chuway*, 362 F.3d at 949; *Avila*, 817 F.3d 72; *Boucher*, 880 F.3d at 370; *Spuhler*, 2017 U.S. Dist. LEXIS 210895 at *17-20; *Snyder v. Gordon*, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012); *Michalek v. ARS Nat'l Sys., Inc.*, 2011 U.S. Dist. LEXIS 142976, at *4 (M.D. Penn. Dec. 13, 2011); *Dragon v. I.C. Sys.*, 483 F. Supp. 2d 198, 202-03 (D. Conn. 2007); *Lukawski v. Client Servs., Inc.*, 2013 U.S. Dist. LEXIS 124075, at *10-14 (M.D. Penn. Aug. 29, 2013); *May v. Consumer Adjustment Co.*, 2015 U.S. Dist. LEXIS 97162, at *15-20 (E.D. Mo. July 24, 2015); *Gill v. Credit Bureau of Carbon County*, 2015 U.S. Dist. LEXIS 58759, at *14 (D. Colo. May 5, 2014); *Smith v. Lyons, Doughty & Veldhuis, P.C.*, 2008 U.S. Dist. LEXIS 56725, at *16-20 (D.N.J. July 22, 2008).

60.     Kohn's failure to include explanatory safe harbor language in <u>Exhibit C</u> is material because the unsophisticated consumer may pay the amount listed on <u>Exhibit C</u>, but the payment would not actually resolve the debt. The unsophisticated consumer would have no way of knowing if the debt was resolved because <u>Exhibits C</u> fails to explain what amount Kohn is actually collecting.

61.     Kohn's failure to include explanatory safe harbor language in <u>Exhibit C</u> is also material because whether the account is bearing interest would undoubtedly be a factor in the unsophisticated consumer's prioritization of the debt. .

62.     Further, even assuming Kohn previously disclosed that the account was bearing interest, the unsophisticated consumer is not expected to reference documents sent years prior to ameliorate the confusion.

63. Plaintiff Zolandz was confused by Exhibits C & D.

64. The unsophisticated consumer would be confused by Exhibits C & D.

### *The FDCPA*

65. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS

11

81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

66.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

67. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

68. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

69. 15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

70. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

71. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

72. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

73. Failure to disclose that the account was accruing interest is ambiguous as to the amount and character of the debt. *See Spuhler*, 2017 U.S. Dist. LEXIS 210895, at *19-20 (triable issue of fact as to whether the collection letter is misleading under 15 U.S.C. §§ 1692e and 1692f).

### *The WCA*

74. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

13

75.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

76.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

77.     "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

78.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

79.     The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

14

80. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

81. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

82. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

83. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct . . . in such a manner as can reasonably be expected to threaten or harass the customer."

84. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

85. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

86. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

15

87.     Although the FDCPA does not authorize injunctive or declaratory relief, *see Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 507 n.3 (D. Md. Mar. 11, 2013), these forms of relief are available under the WCA. Wis. Stat. §§ 426.109(1); 426.110(4)(e); 426.110(6)(b).

88.     The WCA expressly authorizes individual actions to enjoin "any person who in . . . enforcing consumer credit transactions engages in . . . False, misleading, deceptive, or unconscionable conduct in enforcing debts . . . arising from consumer credit transactions." Wis. Stat. § 426.110(2)(c); *see* Wis. Stat. § 426.110(3).

89.     The WCA also authorizes "any customer affected by a violation of chs. 421 to 427 and 429 . . . or by a violation of the federal consumer credit protection act . . . [to] bring a civil action on behalf of all persons similarly situated, for actual damages by reason of such conduct or violation, together with penalties as provided in sub. (14), reasonable attorney fees and other relief to which such persons are entitled under chs. 421 to 427 and 429." Wis. Stat. § 426.110(1).

90.     The WCA authorizes customers to bring class actions for injunctive relief to cure violations of Wis. Stat. § 427.104(1).

## COUNT I – FDCPA

91.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

92.     Count I is brought on behalf of Plaintiff Cerveny.

93.     By not stating the amount of the debt, Exhibit A is deceptive and misleading as to the amount of the debt and is an unfair means of collecting a debt.

94.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692f.

16

## COUNT II – FDCPA

95.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

96.     Count II is brought on behalf of Plaintiff Cerveny.

97.     By assessing post-judgment interest at an annual rate of approximately 23.6%, Exhibit B is false, deceptive, and misleading as to the amount and legal status of the debt, threatens to collect an amount which Kohn and the original creditor are not entitled to collect under Wisconsin law, and assess interest which Kohn is not entitled to assess under Wisconsin law.

98.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5); 1692e(10), 1692f, and 1692f(1).

## COUNT III – WCA

99.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

100.    Count III is brought on behalf of Plaintiff Cerveny.

101.    By assessing post-judgment interest at an annual rate of approximately 23.6%, Exhibit B may be reasonably expected to harass Cerveny, threatens to collect an amount which Kohn and the original creditor are not entitled to collect under Wisconsin law, and assess interest which Kohn is not entitled to assess under Wisconsin law.

102.    Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

17

## COUNT IV – FDCPA

103.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

104.    Count IV is brought on behalf of both Plaintiffs.

105.    Exhibits A-D are confusing and misleading because they fail to disclose that the debts the letters are seeking to collect are subject to interest.

106.    The amount of the debt varies day to day, and has increased over time, due to Kohn's addition of interest, but no *Miller* safe harbor language is provided to inform the unsophisticated consumer of that fact or how to pay the correct amount.

107.    The unsophisticated consumer would be confused and misled as to the amount and character of the debt.

108.    Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

## COUNT V – FDCPA

109.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

110.    Count V is brought on behalf of Plaintiff Zolandz.

111.    Exhibit C falsely threatens that Kohn will initiate legal action against the consumer, even if she accepts Kohn's settlement offer and is current according the payment schedules Kohn provided.

112.    Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), and 1692e(10).

## COUNT VI – WCA

113.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

18

114. Count VI is brought on behalf of Plaintiff Zolandz.

115. Exhibit C falsely threatens that Kohn will initiate legal action against the consumer, even if she accepts Kohn's settlement offer and is current according the payment schedules Kohn provided.

116. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

117. Plaintiffs brings this action on behalf of two Classes consisting of:

118. Class I ("Post-Judgment Interest") consists of:

> (a) all natural persons in the State of Wisconsin (b) who were sent collection letters by Defendant in the form of Exhibit A and/or Exhibit B to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between September 20, 2017 and September 20, 2018, inclusive, (e) that was not returned by the postal service. Plaintiff Cerveny is the named representative of Class I.

119. Class II ("False Settlement and Undisclosed Interest Class") consists of:

> (a) all natural persons in the State of Wisconsin (b) who were sent collection letters by Defendant in the form of Exhibit C to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between September 20, 2017 and September 20, 2018, inclusive, (f) that was not returned by the postal service. Plaintiff Zolandz is the named representative of Class II.

120. Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

121. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

19

The predominant common question is whether <u>Exhibits A, B, C, and/or D</u> violate the FDCPA and/or the WCA.

122.    Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

123.    Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

124.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

125.    Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and the Classes and against Defendant for:

(a)    actual damages;

(b)    statutory damages;

(c)    injunctive relief;

(d)    attorneys' fees, litigation expenses and costs of suit; and

(e)    such other or further relief as the Court deems proper.

Dated: September 20, 2018

                                        **ADEMI & O'REILLY, LLP**

                        By:    /s/ Mark A. Eldridge
                               John D. Blythin (SBN 1046105)
                               Mark A. Eldridge (SBN 1089944)
                               Jesse Fruchter (SBN 1097673)
                               Ben J. Slatky (SBN 1106892)
                               3620 East Layton Avenue

20

Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

21